State, Hubbard, pros., v. Reckless.

THE STATE, WM. S. HUBBARD, PROSECUTOR, v. ANTHONY RECKLESS ET AL.

1. A caveat filed against recording the return of a road, suspends proceedings for the appointment of freeholders to review, until the term next succeeding the filing of such caveat.
2. Delay beyond such term, made in reviewing erroneous proceedings of the Common Pleas, will not deprive the caveator of the right to a review by freeholders; this court will direct an appointment to be made by the court below after the errors are corrected.

*Certiorari* to Common Pleas, to remove proceedings and return of the surveyors of the highways, in laying out a public road in Shrewsbury township, and the proceedings of the court thereon.

Case submitted on briefs, at February Term, 1876.

For the plaintiff, *Beekman.*

For the defendant, *Applegate.*

The opinion of the court was delivered by

KNAPP, J.   Anthony Reckless and others, ten or more freeholders residents in Monmouth county, applied to the Common Pleas of that county, at the May Term, A. D. 1875, for an appointment of surveyors of the highways, to lay out a public road in Shrewsbury township.   The appointment was made as applied for, the surveyors met, certified the road

to be necessary, and laid out the same by a return, which was filed in the county clerk's office on the 11th day of June, 1875. William H. Hubbard, one whose lands were taken in laying the road, and not an applicant therefor, filed with the clerk on the same day a caveat against recording the return of surveyors.

On the 22d day of June, as yet of the Term of May, 1875, the court being in session by an order made on that day, in which was recited the filing of the return—the filing of the caveat—the fact that a meeting of the court was held on the preceding day—the 21st—further reciting that the caveator had taken no action in said court under his caveat, required the said William H. Hubbard, the caveator, to prosecute his caveat or show cause, on the 12th day of July then next, why it should not be dismissed. On the return of the rule, the caveator, not then presenting, nor having before that time presented an application for the appointment of freeholders, and failing to show cause to the satisfaction of that court, against the dismissal of his caveat, the court dismissed it, and ordered the surveyors' return to be recorded. The caveator, the prosecutor of this *certiorari*, complains that the Court of Common Pleas required of him earlier action than the provisions of the road law direct or permit.

The Court of Common Pleas have interpreted the act concerning roads, as requiring application for the appointment of freeholders to be made at the *meeting* of the *court* next succeeding the filing of the caveat, although such meeting of the court be held in the term during which the caveat is filed, and so construing the law, by the rule granted, they ordered Hubbard to apply for the appointment of freeholders during the term in which he filed his caveat—the same in which the surveyors were appointed, and to which they returned the laying of the road. And because he did not so apply, took from him his right to be heard before freeholders, treating him as if, by his laches and neglect, his right to have the proceedings of surveyors reviewed, was forfeited and at an end.

We think the Common Pleas are in error in dismissing the proceedings under these circumstances. The action of the court was premature; the caveator had until the *term* next succeeding the filing of the caveat, to apply for the appointment of freeholders, and until that time all proceedings were suspended, on the part of the court, of the caveator and others.

By the road act, to quote from the seventh section, the " party aggrieved may, within fifteen days " (after filing the return), " enter a caveat with the clerk against recording the return; which caveat so entered shall operate as a *supersedeas* to further proceedings until the next court. And in the eighth section, providing for appointment of freeholders, this language is used : " The person aggrieved having entered a caveat as aforesaid, * * * may make application, in writing, to the Court of Common Pleas succeeding; and the said court shall not set aside the proceedings, * * * but shall, thereupon, during the *term* to which such application is made, appoint," &c. It would be a narrow construction of this part of the law to hold that " next court," and " Court of Common Pleas succeeding," mean the day on which the court shall chance to convene next after filing the caveat. In some counties, this would practically give the caveator one day to present his application, unless as a precaution to secure to himself two days, he filed his caveat on Saturday. The suggestion that reason is found for this construction in the probable legislative intent to secure expedition in these proceedings, is much weakened by the further provision of the law, which gives to the court the entire balance of the term to make the appointment of freeholders. The caveator, in this instance, was given time until the October Term of the Monmouth Pleas succeeding the filing of his caveat, to apply for the appointment of freeholders. The part of the road act in question was construed as giving to the caveator until the next term, in *State* v. *Waldron et al.*, 2 *Harr.* 369. And it is believed that such construction has since been accepted in practice throughout the state, unless Monmouth county forms an exception.

The proceedings of the Monmouth pleas, therefore, in dismissing the caveat, and ordering the surveyors' return recorded, were irregular, and are set aside.

The prosecutor asks that for this error of the court the *return* of surveyors be set aside, upon the assumption that his right to review by freeholders is now lost to him ; were this the case, the return should be set aside ; but this is not the case—his right is not lost, if he sees fit to make application to that court, at the term now next succeeding. His failure to apply at the Term of October was not by reason of any fault of his, and the right to do so is still reserved to him. *Matter of Highway,* 1 *Harr.* 345 ; *State* v. *Waldron, supra ; State* v. *Northrup,* 3 *Harr.* 271 ; in the last case, *State* v. *Conover,* 2 *Halst.* 203, is overruled.

Another reason urged against the surveyors' return is, that they were entertained at dinner at the expense of one of the applicants for the road, on the day of their meeting, at the place appointed to view the road.

In the case of *State* v. *Bergen,* 1 *Zab.* 342, Justice Whitehead declared that paying to surveyors, for their services in laying out a road, greater fees than are allowed to them by law, is improper and illegal, but did not express any opinion as to its effect upon their return. He drew a distinction between such payment and providing reasonable entertainment for the surveyors when met to perform their duty, and expressed himself as seeing no objection to it.

In *State* v. *Justice,* 4 *Zab.* 413, this court refused to set aside a freeholders' certificate, because the caveator had provided, at his expense, dinner for the freeholders, referring to the language used by Justice Whitehead, in the case mentioned, as authority.

This court set aside a road return, in *State, Parmly, pros.,* v. *White,* 6 *Vroom* 203, because the applicants paid to each of the surveyors $4 more than they were entitled by law to demand for their services. The distinction is thus clearly drawn between payment of unauthorized fees and providing for such

officers, when convened for the performance of their duty, refreshment furnished at the cost of the party calling them.

And while the practice of so paying for the entertainment of such public officers by the parties to be affected by their action, is not one which this court is called upon to commend, it is clear that, under the authority of the cases mentioned, this return cannot, for the reason urged, be set aside, in the absence of proof that the surveyors were, by the applicants, corruptly influenced in their action.

There is nothing appearing to show such to have been the case.

The order of the Court of Common Pleas, dismissing the caveat and ordering the surveyors' return recorded, should be set aside, and the court directed to appoint freeholders to review the proceedings of the surveyors, if the caveator shall, at the next term of said court, present his application therefor.